1 | CHRISTOPHER M. MCDERMOTT (CA SBN 253411)
2 | STEFANIE A. SCHIFF (CA SBN 265382)
  | PITE DUNCAN, LLP
  | 4375 Jutland Drive, Suite 200
3 | P.O. Box 17933
  | San Diego, CA 92177-0933
4 | Telephone: (858) 750-7600
  | Facsimile: (619) 590-1385
5 |
  | Attorneys for FIRST MAGNUS CORPORATION
6 |
7 |
8 | **UNITED STATES BANKRUPTCY COURT**
9 | **CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re | Case No. 1:10-bk-14081-GM |
| SAAD ELDIN FATHI, | Chapter 13 |
| Debtor. | **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |
| | 341(a) MEETING: |
| | DATE:    May 26, 2010 |
| | TIME:    11:00am |
| | PLACE:   105 |
| | |
| | CONFIRMATION HEARING: |
| | DATE:    June 29, 2010 |
| | TIME:    1:30pm |
| | CTRM:    303 |

First Magnus Corporation[1] (hereinafter "Creditor"), secured creditor of the above-entitled Debtor, Saad Eldin Fathi (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The basis of the objection is stated below:

/././

/././

/././

/././

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

**I.**

## STATEMENT OF FACTS

1. On or about May 25, 2007, Debtor, for valuable consideration, made, executed and delivered to Creditor a Promissory Note in the principal sum of $1,175,000.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments.

2. On or about May 25, 2007, Debtor made, executed and delivered to Creditor a Deed of Trust (the "Deed of Trust") granting Creditor a security interest in certain real property located at 4424 Highland Drive, Carlsbad, California 92008 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on June 1, 2007, in the official records of the San Diego County Recorder's office. A true and correct copy of the Deed of Trust is attached hereto as exhibit A and incorporated herein by reference. Thereafter, Debtor defaulted with payments under the Note and is contractually due for March 1, 2010.

3. On or about April 8, 2010, Debtor filed a Chapter 13 bankruptcy petition. Debtor's Chapter 13 Plan provides for payments to the Trustee in the sum of $3,083.30 per month for thirty-six (36) months. However, the Debtor's Chapter 13 Plan makes no provision for the cure of Creditor's pre-petition arrears.

4. The pre-petition arrearage on Creditor's secured claim is in the sum of $11,932.19. A true and correct copy of Creditor's Proof of Claim is attached hereto as exhibit B and incorporated herein by reference.

5. Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $331.44 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed thirty-six (36) months.

/././

/././

/././

/././

/././

/././

Creditor now objects to the Chapter 13 Plan filed herein by the Debtor.

## II.

## ARGUMENT

Application of the provisions of 11 United States Code section 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

**A.  DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. § 1325(a)(5)(B)(ii).

The amount of arrearage in Debtor's Chapter 13 Plan is incorrect. The pre-petition arrears specified in the Chapter 13 Plan are $0.00. The actual pre-petition arrears equal $11,932.19, based on Creditor's Proof of Claim. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

**B.  PROMPT CURE OF PRE-PETITION ARREARS**
11 U.S.C. § 1322(d).

Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $331.44 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed thirty-six (36) months.

**C.  FEASIBILITY**
11 U.S.C. § 1325(a)(6); 11 U.S.C. § 1322(d).

Debtor's Schedule J indicates that the Debtor has disposable income of $227.00. However, Debtor will be required to apply $3,414.74 monthly to the Chapter 13 Plan in order to provide for a prompt cure of Creditor's pre-petition arrears. Debtor lacks sufficient monthly disposable income with which to fund this Plan.

/./././

/./././

/./././

-3-

WHEREFORE, Creditor respectfully requests:

1. That confirmation of the Debtor's Chapter 13 Plan be denied;

2. That Debtor's case be dismissed;

3. Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid within a period not exceeding 36 months; and

4. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: June 14, 2010            PITE DUNCAN, LLP


/s/ Stefanie A. Schiff
STEFANIE A. SCHIFF
Attorney for FIRST MAGNUS CORPORATION

-4-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

The foregoing document described OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 14, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

U.S. Trustee served pursuant to Local Bankruptcy Rule 2002-2(a) (2)

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On June 14, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Honorable Geraldine Mund
U.S. Bankruptcy Court
21041 Burbank Blvd., Suite 342
Woodland Hills, CA 91367-6606

Saad Eldin Fathi
4424 Highland Drive
Carlsdad, CA 92008

Elizabeth (SV) F Rojas
Noble Professional Center
15060 Ventura Blvd., Suite 240
Sherman Oaks, CA 91403

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 14, 2010 | THANH TRAN | /s/ Thanh Tran |
|---|---|---|
| *Date* | *Type Name* | *Signature* |